UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80532-CIV-MARRA

GUADALUPE HERNANDEZ and
MARLENE JERONIMO, his wife,

    Plaintiffs,

vs.

ALTEC ENVIRONMENTAL PRODUCTS, LLC
and ALTEC INDUSTRIES, INC., and
ASPLUNDH TREE EXPERT CO.,

    Defendants.
_____/

ALTEC ENVIRONMENTAL PRODUCTS, LLC
and ALTEC INDUSTRIES, INC.,

    Cross-Plaintiffs,

vs.

ASPLUNDH TREE EXPERT CO.,

    Cross-Defendant.
_____/

## ORDER AND OPINION DENYING MOTION FOR INTERLOCUTORY APPEAL

**THIS CAUSE** is before the Court upon Plaintiffs' Verified Motion for Certification of Interlocutory Order for Appeal, Permission to Petition 11th Circuit to Appeal Interlocutory Order and for Stay, Pursuant to 28 U.S.C. §1292(b) [DE 256]. The Court has carefully considered the motion, response, reply, and is otherwise fully advised in the premises.

**Background**

Plaintiff, Guadalupe Hernandez, was injured while working for Asplundh Tree Expert Company while operating a wood chipper without the safety guard in place. As a result of the accident, Hernandez lost a portion of his right hand. Hernandez and his wife (collectively "Plaintiffs") brought claims against Defendants based on strict product liability and negligence with respect to the design of the wood chipper, and they also brought claims for defective warnings and instructions and negligence in providing maintenance and operation instructions.

On October 1, 2012, the Court entered its Summary Judgment Order [DE 224] ("Summary Judgment Order") granting in part Defendants' Motion for Summary Judgment. The Court concluded, in part, that "[s]ince Plaintiffs have not produced any evidence that the subject wood chipper was defectively designed, or, as a result of its design, created an unreasonably dangerous condition as necessary to sustain a strict liability claim for the design of the wood chipper, summary judgment must be granted as to" the strict liability count premised on design defects. DE 224 at 18. The Court, in entering summary judgment on the negligent design count, held that "under Florida law, where there is a failure to offer any evidence showing that a design feature constitutes a defect, the claim for a defective design must be dismissed whether the claim is based on negligence or strict liability." DE 224 at 18-19. And in granting summary judgment on the defective warnings and instructions claims, the Court concluded that "as a matter of law, there is no duty to warn of such 'an obvious danger,'" including warning that the chipper should not be operated without the

safety cover.  DE 224 at 19.  Finally, the Court granted summary judgment as to all counts against AEP.  The only remaining claim left for trial is Count XIV against Altec Industries for negligent maintenance and operating instructions.

After denial of their Motion for Reconsideration of the Summary Judgment Order, Plaintiffs now seek certification and permission to petition the Eleventh Circuit Court of Appeal for acceptance of appellate jurisdiction in order to review the Summary Judgment Order and for a stay of the instant proceedings.

**Legal Standard**

The Interlocutory Appeals Act of 1958, 28 U.S.C. § 1292(b), creates a bilevel procedure for establishing appellate jurisdiction to review nonfinal orders in civil actions.  The Act permits trial judges to certify for appeal orders that involve a controlling question of law as to which there is substantial ground for difference of opinion and where an immediate appeal from the order may materially advance the ultimate termination of the litigation.  Movants have the burden of persuading the court "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (citation and internal quotation marks omitted).

In addition, "[t]he proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution of cases are protected by the final judgment rule, and are threatened by too expansive use of the § 1292(b) exception to it.  Because permitting piecemeal appeals is bad policy, permitting

liberal use of § 1292(b) interlocutory appeals is bad policy." *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).

**Discussion**

Section 1292(b) sets out three criteria, all of which must be met before it is proper for a district court to certify an order for review.  The order must involve: (1) a controlling question of law; (2) a substantial ground for difference of opinion as to that question; and (3) a possible material advancement of the ultimate termination of the litigation.  Because an interlocutory appeal of the Summary Judgment Order does not involve a controlling question of law and would not possibly advance the ultimate termination of the litigation, the motion must be denied.

**Controlling Question of Law and Material Advancement of the Ultimate Termination of the Litigation**

The summary judgment order does not involve a controlling question of law.  Rather, the Court ruled that there were no genuine issues of material fact for trial on all but one of the legal questions that were presented in the case.  An "appeal from interlocutory orders . . . should . . . be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases, where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided . . ." *Id*. at 1256.  An interlocutory review of the summary judgment ruling will not be dispositive of the litigation.  Moreover, an interlocutory review will not avoid a trial or shorten the litigation.  Regardless of the outcome of an interlocutory appeal, a trial will still be

required.

Accordingly, the Summary Judgment Order is not eligible to be appealed. Therefore, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Verified Motion for Certification of Interlocutory Order for Appeal, Permission to Petition 11th Circuit to Appeal Interlocutory Order and for Stay, Pursuant to 28 U.S.C. §1292(b) [DE 256] is denied.

A status conference has been set for hearing on **Thursday, August 15, 2013 at 9:30 A.M.** before the Honorable Kenneth A. Marra, United States District Judge, in Courtroom 4 (3rd floor) at the Paul G. Rogers Federal Building and U.S. Courthouse, 701 Clematis Street, West Palm Beach, Florida.  Parties who wish to appear by telephone may contact the Courtroom Deputy at 561-514-3765.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of July, 2013.

_____
KENNETH A. MARRA
United States District Judge